IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASTARR HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-93-RJD |
| ) | |
| T-H PROFESSIONAL AND MEDICAL ) | |
| COLLECTIONS, LTD. ) | |
| ) | |
| Defendant. ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Change Venue (Doc. 17) filed by Defendant T-H Professional and Medical Collections, LTD. ("T-H"). Plaintiff filed a timely response (Doc. 18). For the reasons set forth below, the motion is **DENIED**.

### Background

Plaintiff LaStarr Howard filed this lawsuit on January 22, 2020, pursuant to 15 U.S.C. §1692, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that T-H violated the FDCPA in its attempts to collect disputed debts from Plaintiff for medical services. According to T-H's Motion to Change Venue, T-H's office is in Peoria, Illinois. Plaintiff's Response includes an affidavit in which Plaintiff declares that she lives in St. Clair County, Illinois and that T-H directed its collections to Plaintiff at her residence in St. Clair County. St. Clair County is in the Southern District of Illinois, where this case is currently pending. Peoria is within the Central District of Illinois and is where T-H moves this court to transfer venue.

**Legal Standard**

A district court "may transfer any civil action to any other district or division where it may have been brought." 28 U.SC. § 1404(a). Section 1404(a) "allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Intern. Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). When analyzing the convenience issue, the court considers "the availability of and access to witnesses, and each party's access to and distance from resources in each forum," as well as "the location of material events and the relative ease of access to sources of proof." *Id.* (citations omitted). The moving party bears the burden of demonstrating "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

The court also considers whether a transfer would further "the interests of justice." *Research Automation, In*c*.,* 626 F.3d at 978.  In this analysis, the court compares "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id*. The "interests of justice" analysis focuses on efficient court administration. *Id*.

**Analysis**

In support of its Motion, T-H states that all of its witnesses live in or close to Peoria, including an employee who spoke with Plaintiff on the telephone and the president of T-H. T-H does not provide further details on how these witnesses will be inconvenienced if this case is litigated in the Southern District of Illinois. Presumably, if this case proceeds to trial, it would be more convenient for those witnesses to travel to court in Peoria rather than to Benton, Illinois.

Likewise, it would be more convenient for Plaintiff to travel to Benton rather than Peoria.[1]

In such a situation, "[w]here the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Id*. The Seventh Circuit has previously noted that "when plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *In re Natl. Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). Similarly, in most cases where the plaintiff and defendant live in different federal judicial districts, one party will inevitably spend less time traveling to the courthouse than the other. Here, it appears that any inconvenience to T-H in traveling to Benton is comparable to the inconvenience Plaintiff would face if this case were transferred to Peoria.

Nor do factors considered for the "interests of justice" favor the transfer of this case to the Central District of Illinois. T-H does not argue (and the Court has no reason to conclude) that this Court is less familiar with the FDCPA than the Central District. Certainly, the Southern District has a relationship to this controversy as Plaintiff's affidavit establishes that the medical care that gave rise to Plaintiff's alleged debts occurred within the Southern District of Illinois, and T-H attempted to collect from Plaintiff in the Southern District of Illinois. Finally, the factors of docket congestion and likely speed to trial do not support T-H's Motion. Statistics from both courts in

---

[1] The parties have both consented to Magistrate Judge Reona Daly, so this case will be heard in the Southern District of Illinois courthouse in Benton, Illinois. Plaintiff makes several references in her Response to the convenience of traveling to the Southern District of Illinois courthouse in East St. Louis courthouse from her home in Belleville but does not mention the convenience of traveling to Benton. According to mapquest.com, it is 85 miles from Belleville to Benton. Plaintiff avers in her affidavit that it is 165 miles from her home in Belleville to the Central District of Illinois courthouse in Peoria, Illinois.

the last three years show no significant difference in the speed at which civil cases were tried:[2]

| Median time (in months) from filing to trial in civil cases | | | |
|---|---|---|---|
| | January 1, 2017 December 31, 2017 | January 1, 2018- December 31, 2018 | January 1, 2019- December 31, 2019 |
| Central District of Illinois | 34.3 | 45.0 | 37.2 |
| Southern District of Illinois | 37.6 | 41.3 | 38.6 |

T-H did not meet its burden in showing that the Central District of Illinois would be a more convenient location for this case to be heard. The Court is also not persuaded that transferring this case to the Central District of Illinois would promote the interests of justice and efficient court administration.

## Conclusion

For the reasons set forth above, Defendant T-H Professional and Medical Collections, LTD.'s Motion to Change Venue (Doc. 17) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  June 10, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[2] *See* ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, *Federal Court Management Statistics*, available at uscourts.gov/statistics/table/na/federal-court-management-statistics/2019/12/31-1.