IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LASTARR HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-93-RJD |
| | ) | |
| T-H PROFESSIONAL AND MEDICAL COLLECTIONS, LTD. | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff LaStarr Howard's Motion for Partial Summary Judgment (Docs. 28 and 29). Defendant T-H Professional and Medical Collections, LTD. ("T-H") responded (Doc. 30). Defendant also filed its own Motion for Summary Judgment (Doc. 31). Plaintiff responded (Doc. 37). Defendant then filed an "Addendum to Defendant's Motion for Summary Judgment" (Doc. 38). As explained further, both motions are DENIED.

**BACKGROUND**

Plaintiff LaStarr Howard filed this lawsuit on January 22, 2020, pursuant to 15 U.S.C. §1692, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that she called Defendant on January 3, 2020 to dispute amounts owed for medical bills, yet Defendant falsely represented to her that "it was too late" and there was nothing Plaintiff could do to dispute her debts (Doc. 1, ¶¶15-17). Plaintiff further alleges that she then told Defendant she had retained counsel to dispute amounts owed for medical bills and attempted to give Defendant her attorney's contact information, yet Defendant persisted in its collection attempt (*Id.*, ¶¶19-21). As a result

of Defendant's statements and actions, Plaintiff alleges that she suffered actual damages of attorneys' fees, emotional distress, and deprivation of her rights under the FDCPA statute.

Plaintiff filed a Motion for Summary Judgment, including a transcript of the phone call between her and Defendant in early January 2020. Plaintiff attached an affidavit to her Motion, which states that certain debts were listed on her credit report from Defendant. She paid and retained an attorney to contest those debts, and then called Defendant to inform it that she had retained an attorney. Plaintiff contends in her Motion for Summary Judgment that Defendant then clearly violated §1692c of the FCDPA by continuing to attempt to collect her debt from her, despite knowing that she was represented by counsel. Plaintiff included a written transcript of the phone call in her affidavit (Doc. 29-1, p. 2-5).

Defendant contends that the transcript attached to Plaintiff's Motion for Summary Judgment shows Defendant did *not* violate the FDCPA.[1] Defendant also filed its own Motion asking the Court to grant summary judgment in its favor, finding that Defendant did not violate §1692c of the FCDPA. Defendant then filed a document entitled "Addendum to Motion for Summary Judgment and Brief," asking the Court to grant its summary judgment motion in light of a recent Seventh Circuit Court of Appeals opinion. Plaintiff filed no type of response to this "Addendum." The Court notes that, by filing this "Addendum," Defendant did not follow the procedure outlined in the SDIL's Local Rule for Summary Judgment 7.1(c) and the Court will therefore not factor Defendant's "Addendum" in its decision on the parties' Motions for Summary Judgment.[2]

---

[1] Defendant does not dispute the accuracy or the authenticity of the transcript. Doc. 30.

[2] The issues raised in Defendant's "Addendum" suggest this Court does not have subject matter jurisdiction in this case. While Defendant did not follow proper procedure when filing the "Addendum," the Court considers subject matter jurisdiction *sua sponte* when necessary. *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 889 (7th Cir.

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***§1692c of the Fair Debt Collection Practice Act***

The FDCPA reads in pertinent part:

> Without the prior consent of the consumer given directly to the debt collector….a debt collector may not communicate with a consumer in connection with the collection of any debt—

---

2002) ("not only may the federal courts police subject matter jurisdiction *sua sponte*, they must"). As Defendant noted in its "Addendum," the Seventh Circuit recently held that a FDCPA lawsuit should be dismissed for the plaintiff's lack of standing if she fails to allege an actual injury. *Larkin, et al., v. Finance System of Green Bay, Inc*., 982 F.3d 1060 (7th Cir. 2020). Plaintiff alleges actual damages in her Complaint, including emotional distress damages. Doc. 1, ¶¶24, 25. Multiple courts have found that emotional distress is compensable under the FDCPA. *Johnson v. Eaton*, 80 F.3d 148, 152 (5th Cir. 1992); *Boerner v. LVNV Funding, Inc.,* 358 F. Supp.3d 767, 781 (E.D. Wisconsin Jan. 8, 2019); *Rosen v. MLO Acquisitions LLC*, 2020 WL7129018, *3 (N.D. Indiana, Dec. 4, 2020). Because Plaintiff alleges actual damages in her Complaint, the Court is satisfied that it has subject matter jurisdiction. As the case progresses, the Court will evaluate Plaintiff's standing as needed. Apex Digital, Inc., v. Sears, Roebuck & Co., 572 F.3d 440, 443-33 (7th Cir. 2009).

>       *\*\*\*\*\*\*\**
>             (2) if the debt collector knows the consumer is represented
>             by an attorney with respect to such debt….

15 U.S.C. §1692(c)(a)(2). District courts have granted summary judgment against a debt collector who calls or mails a consumer after receiving notice that the consumer is represented by counsel (and receives counsel's phone number and address). *Young v. NPAS, Inc., et al.*, 361 F. Supp. 3d 1171, 1189 (D. Utah 2019); *Cook v. Green Tree Servicing, LLC*, 154 F. Supp.3d 742, 748 (S.D. Ill. 2016); *Buckley v. Afni, Inc.*, 133 F. Supp.3d 1140, 1149-50 (S.D. Ind. 2016).

## Analysis

The primary issue on both Motions for Summary Judgment is whether Plaintiff gave Defendant consent to discuss the collection of her debts. The Seventh Circuit has not set a precedent for "prior consent" as it relates to §1692c(a)(2). *See Jackson v. Specialized Loan Servicing, LLC*, 2019 WL 4674572, \*3 (N.D. Ill. Sept. 25, 2019). However, the Court's task is simply to enforce the plain and unambiguous language of the statute, so long as such a result is not absurd. *Sebelius v. Cloer*, 566 U.S. 369, 381 (2013) (*citing Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000). The plain language of §1692c(a)(2) allowed T-H to communicate with Plaintiff after it learned that she had retained an attorney for the T-H debt *if* Plaintiff gave prior consent.

Plaintiff alleges that she retained her attorney before she called T-H on January 3, 2020. She then called T-H and asked the T-H representative to explain why her two insurance policies did not cover her debts. The T-H representative provided an explanation to her, and at that point, Plaintiff stated "well I need to forward you to my attorney then." The T-H representative was not receptive to Plaintiff's attempt to provide her attorney's name and contact information, but told Plaintiff to "start" with her insurance company and "let [the T-H] representative know what you

want to do." The T-H representative also told Plaintiff "so yeah just have [your attorney] call me."

Under these facts, a reasonable jury could find that Plaintiff consented to discussing her debt with T-H despite her representation by counsel. This case differs from the case Plaintiff relies upon heavily, in which the consumer returned the debt company's phone call. *Robin v. Miller and Steeno, P.C.*, 2014 WL 3734318, *1 (E.D. Mo. July 29, 2014). During the call, the consumer told the debt company he was represented by counsel and the company representative still attempted to set up a payment plan for him. *Id*. In this case, Plaintiff initiated the call to T-H with questions about her debt and insurance coverage. Approximately halfway through the call, Plaintiff informed T-H that she had an attorney. A reasonable jury could find that Plaintiff gave "prior consent" to T-H.

Conversely, a reasonable jury could also find that Plaintiff *did not* consent to T-H telling her to contact her insurance companies and "let [T-H] know what you want to do." By that point, Plaintiff had informed the T-H representative she was represented by an attorney. Plaintiff states in her affidavit that she "never gave [T-H] consent to communicate with Plaintiff directly in connection with the collection of the debt at issue before or during the January 3, 2020 telephone call" (Doc. 29-1, ¶10).

However, the T-H representative appears to simply be answering the questions Plaintiff asked prior to telling the representative she had an attorney. The Court acknowledges that there is no genuine issue of fact regarding what was said during the January 3, 2020 phone call. However, because "reasonable minds could differ" as to the significance of statements made during the phone call, a genuine issue of fact exists as to whether Plaintiff consented to directly communicating with the T-H representative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-

51 (1986); *see also Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1140 (7th Cir. 2009).  With the record before it, the Court cannot grant summary judgment to either party on the issue of whether T-H violated §1692(c). Consequently, the Motions for Summary Judgments filed by both parties (Docs. 28 and 31) are DENIED.

**IT IS SO ORDERED.**

**DATED:   March 15, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**